Nott, J.,
concurring:
This action is brought to recover for the use and occupation of the claimants’ premises by the quartermaster department since the suppression of the rebellion. I doubt whether it can be deemed a claim "growing out” of the appropriation of property before the suppression of the rebellion.
If the claimants’ action were for the use and occupation by the army before the close of the rebellion, that would be a claim “growing out” of the “appropriation” of their land; or if the claimants had sued for damages suffered since the rebellion by the loss of a stream diverted from its course by the army during the rebellion; or for the annual profits of their mill lost to them now because the army destroyed the dam; or for the rent of a tenement which would have accrued since the rebellion if the army had not' destroyed the buildings; or if the action were brought for any other loss, the proximate cause *454 whereof was some act done before the close of the rebellion, that would be a claim “growing out” of the appropriation or destruction of property by the army.
But tbe claimants do not complain of the defendants’ entry upon the land; nor of their use of it during the continuance of the rebellion. All of those acts they concede to be an appropriation of or damage to the property by the army within the meaning of the statute. What they do complain of is the withholding, i. e. the use and occupation of their property by the government after the close of the rebellion. Is it not this withholding, after the close of the rebellion — after the expiration of the period to which the act confines the appropriation of property by the army, out of which the claim grows?
Therefore, if the “appropriations” of property by the army, whereof this court is by the statute expressly excluded from exercising jurisdiction, are by the statute limited expressly to the rebellion and did expire with its close, it would seem to follow that for the “public use” of private property by the government since the rebellion, the statute intended this court should retain jurisdiction.
This doubt, so far as the statute of 4th July, 1864, is concerned, makes it necessary for me to examine the case further.
It is an action substantially for rent. The claimants allege that they have an estate for years in the premises and are entitled to possession. They cannot eject the defendants, but seek to make them their tenants.
The law of evidence by which a party might maintain an action against a mere intruder on his freehold, does not apply to an action against the government. The government having possession always has with it the “right of possession,” and he who would recover against it must prove, unless the government concede it, his higher “right of property.” Ejectment is not always a possessory action; it lies for land wholly covered by a highway. (Goodtitle dem., Chester v. Acker, 1 Burrows R., 133.)
The only case in this court wherein any such question has arisen is that of Johnson, (2 C. Cls. R., p. 391.) There the government in effect set up its own title adverse to the claimant. The claimant accordingly proved his right of property, and the court first passed upon the question.of his title. Finding the title to be in him, the court could not eject the government, *455 but it could treat tbe government as tbe tenant of tbe rightful owner, entering’ and bolding by its right of eminent domain upon tbe terms prescribed by tbe Constitution. Tbe court accordingly fixed tbe value of this implied rent, and tbe appeal, which ivas taken at first to tbe Supreme Court, tbe late eminent Attorney General on examination did not think worth bis while to prosecute, and it was accordingly dismissed.*
Tbe quantity of interest which these claimants bad in tbe land was to be measured by tbe’duration of about twenty-one years. That was tbe estate or interest transferred to them by a grantor who could not maintain an action in this court. Tbe action which they bring is for a fraction of this quantity of interest — for tbe one-twenty-first part of tbe estate for years conveyed to them.
Tbe government has never treated tbe claimants as owners of tbe property, nor by implication conceded tbe title to be in them. Further, it appears that their title accrued while tbe government was in actual possession, and when tbe property, that is, when tbe claimants’ leasehold estate was liable to forfeiture, for tbe treasonable uses to which it bad been put by its previous owner. Tbe government’s possession, therefore, at that time was, to all intents and purposes, an adverse possession. Tbe government did not enter under tbe claimants nor under their grantor, and is a stranger to their title. If they would recover they must first maintain it. Tbe right to recover for tbe use of tbe thing, here depends upon tbe right to recover tbe thing itself.
Tbe title to tbe land is therefore tbe thing in controversy. Tbe compensation for use and occupation is but an incident to it. Hence tbe action, though in form for tbe rent or mesne profits, is in substance for tbe land itself. It is to all intents and purposes an action of ejectment, which will not oust tbe government from possession, because of its right of eminent domain, but which will make tbe government subject to tbe claimants’ right of property, and compel it to bold only as their tenant.
Tbe case will be made plainer by considering tbe fact that if tbe claimants recover them rent in this action, they will be entitled to recover all future rent in future actions. And it will be made still plainer by considering tbe fact that if tbe govem *456 ment should avow, in a legal way, tbeir intent of holding throughout the period of the claimants’ estate, then they would be entitled to recover, not for a yearly use and occupation, but for their estate in the land. Their cause of action then, to be determined in legal effect now, will be the thing assigned. They will then be recovering in form what they are seeking to recover in substance now, the leasehold estate of which they are the grantees or assignees, and of which they claim to be the true and lawful owners.
If this be so, the claimants have no greater estate in the land and no better standing in this court than had their grantor. It is a case contemplated and provided for by the act which reconstituted this court, (Act 3d March, 1863, 12 Stat. L., p. 765, § 12,) wherein it is enacted that “the petition shall set forth that the claimant and the original and every prior owner thereof, where the claim has been assigned, has at all times borne true allegiance to the government of the United States.” He who has no standing in court cannot evade the statute by transferring his estate to another, and he who takes such an estate cannot evade the statute by bringing an action for a part instead of the whole — for the use of the thing for one year instead of the use of the thing for twenty years.

 See opinion in a second suit hy the same claimant, p. 249.